United States v. Velissaris, 2363, 79, and 6953. Mr. Lindstrom, I understand you would like to reserve two minutes for rebuttal. Yes, Your Honor. You may proceed. May it please the Court. James Velissaris should be allowed to withdraw his guilty plea for securities fraud because under both of the theories advanced by the government, the conduct he engaged in was not a crime. We have two theories. The first is a disclosure theory. The second is a mismarking theory. The disclosure theory is that he did not disclose that he had the authority to modify valuations and that he would rely entirely on a Bloomberg valuation tool called VVAL. So that is contradicted by what the disclosures actually say. The disclosures specifically say that when there's a pricing service, that the advisor is allowed, in his judgment, to change it if he thinks it's necessary. Subject to various procedures and approvals, right? There wasn't their, I'm going to get it wrong, but wasn't there sort of an evaluation committee? There was an evaluation committee. And didn't they have to have various approvals? They had to approve the committee, right? Had to approve them, right? That's true, but there's nothing. And I thought that he didn't, he's not disputing, he didn't follow any of those procedures, right? He is not admitting that, Your Honor. He is disputing that. He's not admitting it. Right. That is not something that he admitted on the record as plecolically. He did admit that he changed them and thereby misled investors. He did, but that was because he thought misleading was about the process that would be followed, not about the valuations would be accurate or not. The government made clear that this was entirely about the process. They specifically disclaimed that there was any importance to whether or not the values were correct or not. In fact- Right, right. So the process. Right. So I guess this goes to perhaps the question of is the district court permitted to look at basically all the information in the record in determining whether there's a factual basis for the plea or whether a defendant is entitled to withdraw, has a fair and just reason to withdraw, right? Beyond the allocution, beyond the words stated by the defendant at the plea hearing. Because obviously it is in the record that the disclosures didn't say, and Mr. Belisarius made unilaterally at any time without telling anyone change the valuations, right? The disclosures didn't say that. They said the advisor could change it subject to various procedures, right? Well, they say things in various places. So, for example, they say each fund's advisor is authorized to make all necessary determinations of the fair value of portfolio securities and other assets for which market quotations are unreliable or not readily available. They specifically say- Okay, show me the part, and you can probably help me out here. Where's the page in the appendix where the disclosures lay out the procedures that the fund has to follow? There are a number of places. There's the compliance and procedures manual, which is a page, begins at 514 alpha. 514, just if you give me one second. And there's also another section at 846. Page 514. I have just the joint appendix, volume three. I don't remember which volume it is, but it's 514. I think that might be a page off. That could be. Well, with the PDFs at the top, at least. So that's where the section starts. 518 is where it specifically says that where a pricing service may not provide reliable indication of fair value, InfinityQ will value each position based on, and it lists a bunch of information. The last category is such other factors as may be deemed appropriate. And then it continues on page 519 in the specific context of OTC derivatives, which is what we're dealing with here, to say that. Didn't he admit to telling him he was using an independent, even if the disclosure said he could do something different, didn't he admit that he told him that's not what he was doing? He said I'm using this tool? He admitted that he was not relying specifically on VVIP, that he did use his judgment. But the point of the disclosures is that he's. But then he reported externally that he wasn't using his own judgment, that he was using the VVAL. Right. What he told the individual investors is that he was relying solely on VVAL. What the prospectus and the annual report and the offering manual and private placement manual all show is that he's allowed to deviate from VVAL using his own judgment.  Pardon me? So he lied? He did lie. You're saying that because the truth was in the disclosure, he was allowed to lie. And even though he admitted that he lied and that his lies misled, because he admits that he in fact misled investors and that they would have relied on that to make different decisions, it doesn't matter. What I'm saying is it's not material. But he admitted. He admitted it. That his statements were material to investors. They would have done something different. Right. He admitted that he made misstatements of material fact. But that's the whole point of our appeal is that. No, no, no. But it's more. He didn't just say material fact. Didn't he say specifically in that? What's the language there? That he. I knew that if I disclosed what I was doing, investors might have decided to redeem their investments or maybe would not have made the investments in the first place. So he knew that notwithstanding the disclosures by saying what he did, he altered or at least I suppose in the words of basic. You know, it was a total mix of information that a reasonable investor would rely upon in making decisions. He said things that changed behavior. And he said that he knew that. And he did it with the purpose of that. And the specific thing that he said that changed behavior is that he said that he. And this is part of the plea call as well. I mean, he was identifying the specific statements that he was admitting to as being untrue. He said, I told investors that I was using an independent Bloomberg system to value the fund. However, he was making manual adjustments that the whole point of that is that he didn't follow the process. It was all about the events of the process. And to go back to the point about the valuation committee, that doesn't change the government's theory at all. Thank you. It is 514. I was looking at the wrong place. Thank you. You were right. But the government's theory doesn't depend on whether or not their theory is exactly the same. The way that they explained it to him, the way that he said it on the record three days before, that the indictment is about deviations from what the disclosures were, deviations from BVAL. It is specifically any deviation, even if it had been authorized by the valuation committee, which, again, I think isn't. I think that is an open question. I don't think he did admit that. That still would be insufficient because. Let me take a step back. We cited a number of cases in our brief that point out when there is plain language in a prospectus, that is what controls over oral representations. That language would include the promise that we will go through a valuation committee. And he can't just rely on one statement and assume that the investors read one part and ignored the others, right? I think a reasonable investor would know the whole thing, but I don't think that would make a difference to the reasonable investor. If they wanted him to completely follow BVAL versus alter it either on his own or alter it based on the approval of the valuation committee, if their whole point is they're relying on BVAL being completely independent, then it doesn't matter whether the alteration was on his own, whether the alteration was on the part of the valuation committee. So the fact that he specifically disclosed, and, again, I'd just like a moment to read this one part because I think it's directly on point. The prospectus itself says when the fund's pricing service provides a valuation that in the judgment of the advisor does not represent the security's fair value, then he's allowed to adjust it, and that includes a reliance on his own judgment. You've reserved two minutes for rebuttal. We will hear from you again, Mr. Lindstrom. Why don't we hear from the governor? Thank you. Your Honors, may it please the Court. I represent the government below, and I represent the government on appeal. The defendant's conviction should be affirmed. The district court did not abuse its discretion when it denied his motion to withdraw his plea, and I'll go immediately to the questions that Judge Robinson and Judge Nardini, you both posed. You're absolutely right that even taking the claim of factual innocence on the merits, and there are good reasons that we should be in a different posture here where he's moving to withdraw his plea, but even taking the claim on the merits, it fails for multiple reasons. As you noted, in multiple investor communications that are in the record, Judge Robinson, whatever the prospectus said he might do, he in fact affirmatively told investors and people external to the fund that he was using BVAL as an independent service without alterations. Second, Judge Nardini, as you noted, even if he was allowed to adjust, those very documents promised that he would follow certain procedures, including the approval of the valuation committee, and there is no evidence in the record that he did so. In fact, when the SEC asked him about that very valuation committee, he fabricated minutes. And he- Can I ask you a background legal question? Yes. How clear do you think our case law is that in this posture, when a district court is asked, or a defendant asks a district judge for permission to withdraw a guilty plea, that the district court is permitted to look at anything in the record, even beyond the words of the defendant's allocution? How clear is our case law? Yes, I think Overton is clear that additional facts can be considered, and I don't think Irizarry states otherwise. I think Irizarry is about accepting the plea at the moment of the plea, and I think it's clear that here, where the defendant himself introduced new facts in the motion to withdraw, not only is Overton clear that the district court can consider additional facts, I think it would be contrary to public policy to suggest otherwise. Of course, when someone decides to plead, they are forgoing the right to a full trial where all the evidence is aired, and you wouldn't want to set up a rule where the government at a plea, which is meant to resolve a case efficiently, had to put on essentially a full trial record just to foreclose some possible motion to withdraw afterwards. I think something that you said, the defendant is allowed to put in material outside the four corners of his plea allocution at the moment of requesting permission to withdraw the plea, and therefore would naturally follow that the government would also have the right to do that, and the district court has the right to look at all that information. Is that a fair characterization? That's absolutely correct, Your Honor, and I don't think there are any concerns about undue surprise or unfairness here, where many of the things cited were in fact in the indictment and had been extensively briefed previously in the motion in limine and argued at the final pretrial conference, so I think that's absolutely right as a matter of case law and also causes no concern here. Further, even if the defendant had followed those procedures and gotten the approval of the Valuation Committee, the documents allowed him to adjust to arrive at a better determination of fair value, and there's ample evidence in the record that the alterations that he made, in fact, had nothing to do with fair value. They were valuations that were mathematically impossible. They were valuations where the defendant valued the exact same position at the same moment in time differently in the mutual fund and the hedge fund for which there is no reasonable explanation, and Your Honors can further take into consideration the evidence of the defendant's consciousness of guilt because every time someone from the outside asked him about the valuation, he provided falsified documents both to the outside auditors as well as to the SEC, and the last thing I'll note is, Your Honor, as you've already noted, the fulsome allocution at the guilty plea at which he said he knowingly, willfully, and with the intent to defraud, lied to investors, and that at the time he was doing so, he knew that it was wrong and he knew that it was against the law. Your Honors, I would also say... It might not have been fulsome. Not fulsome. I think that means something different. Yes, Your Honor, his complete and adequate allocution at the guilty plea. Your Honors, given the length of time of the sitting today, unless there are any other questions, I'll cede the remainder of my time. No, I think that's right. Thank you. Counsel, you have reserved a couple of minutes for rebuttal. Is there anything you would like to add? Yes, Your Honor. I'm not sure what new facts we're supposed to put on because the disclosures were already a part of the record, so there's nothing new that we put on at this stage. And the disclosures... By the way, how were they part of the record? How had they been introduced into the record, if you recall? I'm trying to remember. The place where I'm sitting is in our motion to withdraw, which your point would be is after the plea. In other words, it was something that was outside the four corners of his allocution. It was material that you introduced to suggest to the district court that there was a good reason to allow your client to withdraw.  You wouldn't expect it to be addressed at the plea stage. Right. It was previously part of the case. The thought is it's perfectly acceptable for the defendant to put forward materials, information, whatever it is, to suggest there are external reasons, reasons beyond the four corners of just the words that the defendant said at the plea allocation and that, in your review, would enable your client to withdraw the plea. Yes. Yes. And I think the importance... We've stressed a lot in our briefing the importance of what the government's theory of the case was because that shows what he was actually pleading guilty to. He was pleading guilty to making changes to B-Val using his own judgment, but as the language we cite in pages 7 through 10 of our brief shows, he's allowed to do that. This point about, again, to return to the Valuation Committee point you raised, that doesn't make a difference under that government theory. There's no reason that that would matter. The government's theory is that he was not allowed to make any changes, so whether he changed it with the Valuation Committee's approval or not doesn't matter. And for similar grounds, they specifically disclaimed that fair value mattered at all. The government disclaimed that in the pretrial hearing. The court, after the fact, said fair market value is largely immaterial to this case. So it's all about whether or not he followed B-Val strictly or he used his judgment to depart from it. And it's not a crime to use his judgment to depart from it when he disclosed that he was going to do that. Very good. Thank you very much for your argument. We will reserve decision on this case.